IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DENNIS LOGAN; WESTERN EMPIRES CORPORATION, an Oregon corporation; LOGAN FARMS, INC., an Oregon corporation; LOGAN FARMS II, LLC, an Oregon limited liability company; and LOGAN INTERNATIONAL II, LLC, an Oregon limited liability company, | 03-CV-435-BR

OPINION AND ORDER |

                Plaintiffs,

v.

FRANK TIEGS; WESTERN MORTGAGE & REALTY COMPANY, a Washington corporation; and PASCO FARMING, INC., a Washington corporation,

                Defendants.

---

| | |
|---|---|
| OREGON POTATO COMPANY, a Washington corporation, | 03-CV-490-BR

OPINION AND ORDER |

                Plaintiff,

v.

LOGAN INTERNATIONAL II, LLC, an Oregon limited liability company, and DENNIS LOGAN,

                Defendants.

1 - OPINION AND ORDER

**LOGAN INTERNATIONAL II, LLC,**
**an Oregon limited liability**
**company, and DENNIS LOGAN,**

        **Third-Party Plaintiffs,**

**v.**

**FRANK TIEGS; WESTERN MORTGAGE**
**& REALTY COMPANY, a Washington**
**corporation; and BAKER PRODUCE,**
**INC., a Washington corporation,**

        **Third-Party Defendants.**

_____

**ARDEN E. SHENKER**
Shenker & Bonaparte LLP
One S.W. Columbia, Suite 475
Portland, OR 97258
(503) 294-1118

**W. EUGENE HALLMAN**
Hallman & Dretke
104 S.E. 5th Street
P.O. Box 308
Pendleton, OR 97801
(541) 276-3857

**ROBERT T. MAUTZ**
Mautz Baum & O'Hanlon LLP
101 S.E. Byers Ave.
P.O. Box 628
Pendleton, OR 97801
(541) 276-2811

        Attorneys for Dennis Logan;
        Western Empires Corporation;
        Logan Farms, Inc.; Logan Farms
        II, LLC; and Logan International
        II, LLC

**JOSEPH M. VANLEUVEN**
**ERIC L. DAHLIN**
Davis Wright Tremaine LLP
1300 S.W. Fifth Ave.
Portland, OR  97201
(503) 241-2300

> Attorneys for Frank Tiegs;
> Western Mortgage & Realty
> Company; Pasco Farming, Inc.;
> Oregon Potato Company; and
> Baker Produce, Inc.

**BROWN, Judge.**

On July 16, 2009, the Court issued a Scheduling Order (#353) requiring the parties to file all further motions in this case by August 6, 2009.  The Court noted it would  decide the issue of attorneys' fees arising from the parties' appeal to the Ninth Circuit when it addresses the motions for attorneys' fees arising from the proceedings before this Court after final judgment is entered.  In response to the Court's Scheduling Order, the parties filed memoranda addressing their entitlement to, but not the amount of, attorneys' fees incurred in the proceedings before this Court and before the Ninth Circuit.  Although a Request for an Award of Attorneys' Fees also was filed in the Ninth Circuit, the appellate court transferred the Request to this Court on March 10, 2008.  Thus, the issue whether any party is entitled to attorneys' fees is now before this Court.

For the following reasons, the Court concludes:

1.  Defendant Western Mortgage & Realty Company is **entitled** to reasonable attorneys' fees incurred in this Court and on appeal to the Ninth Circuit as to the **Mitsui Lease Claim** and **Counterclaim**.

2.  Plaintiff Dennis Logan and Defendant Western Mortgage are **not entitled** to any award of attorneys' fees on the **L3 Farm Deed Claim**.

3.  Defendants Frank Tiegs, Oregon Potato Company, Pasco Farming, Inc. (hereinafter referred to collectively as Tiegs Appellees) and Western Mortgage are **entitled** to reasonable attorneys' fees incurred in prevailing on **appeal to the Ninth Circuit as to their Counterclaims** on numerous debt obligations (such as the purchase of potatoes) that Plaintiff Logan International II, LLC (LIL) owed and that Plaintiffs Dennis Logan, Logan Farms II, LLC, and Western Empires (hereinafter referred to collectively as Logan Appellants) guaranteed.

<u>**BACKGROUND**</u>

The complex factual and procedural background of the related cases of *Logan v. Tiegs* (*Logan*) and *Oregon Potato Co. v. Logan International II, LLC* (*OPC*) is set out in the Court's December 13, 2004, Opinion and Orders (#135-*Logan,* #125-*OPC*) in

which the Court addressed 13 Motions and Cross-Motions for
Summary Judgment.  The Logan Appellants filed an appeal, and the
Ninth Circuit remanded the L3 Farm Deed Claim and the Mitsui
Lease Claim and Counterclaim for trial.  *See Logan v. Tiegs,* 262
Fed. Appx. 739 (9th Cir. 2007)(Mem).  This Court updated the
factual and procedural background in its July 2, 2009, Final
Verdict - L3 Farm Deed (#355-*Logan*) and addressed the legal
consequences of an advisory Jury Verdict rendered after the March
2009 trial of the L3 Farm Deed Claim and the Final Verdict as to
the Mitsui Lease Claim and Counterclaim.[1]

The Court incorporates in this Opinion and Order the
procedural and factual background and the rulings set forth
in this Court's Opinion and Order on Summary Judgment, the
Ninth Circuit's Memorandum decision, and this Court's Final
Verdict.


## SUMMARY OF ATTORNEYS' FEE CLAIMS

**1.    In *Logan* - Mitsui Lease Counterclaim.**

Western Mortgage asserts it is entitled to an award
of reasonable attorneys' fees against LIL that it incurred

---

[1] The Ninth Circuit also reversed and remanded this Court's
grant of summary judgment as to the "Doosan" Claim, which
involved alleged tortious conduct by Frank Tiegs in his
individual capacity.  The parties resolved that Claim before the
trial on remand.

5 - OPINION AND ORDER

(a) in obtaining summary judgment in this Court on its Counterclaim against LIL,

(b) in unsuccessfully defending its summary judgment in the Ninth Circuit, and

(c) in ultimately prevailing on its Counterclaim at trial after remand from the Ninth Circuit.

**2.    In *Logan* - L3 Farm Deed Claim.**

Dennis Logan asserts he is entitled to an award of reasonable attorneys' fees incurred in this Court on the ground that he prevailed at trial on remand as to his claim that the L3 Farm Deed was intended as security for a loan and did not constitute a sale of the L3 Farm to Western Mortgage.

**3.    In *Logan* and *OPC* - Ninth Circuit Appeal.**

Western Mortgage and the Tiegs Appellees in *Logan* and *OPC* respectively seek an award of reasonable attorneys' fees incurred in the appeal to the Ninth Circuit on the ground that they obtained rulings that sustained this Court's numerous summary-judgment rulings in their favor as to multiple transactions involving obligations incurred and/or guaranteed by the Logan Appellants.

<u>**STANDARDS**</u>

A federal court sitting in diversity applies state law when deciding whether to allow attorneys' fees when those fees

6 - OPINION AND ORDER

are connected to the substance of the case. *Shakey's, Inc. v. Covalt*, 704 F.2d 426, 435 (9th Cir. 1983). Under Oregon law, when a "contract that specifically provides that attorneys fees and costs incurred to enforce the specific provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim . . . shall be entitled to reasonable attorneys fees in addition to costs and disbursements." Or. Rev. Stat. § 20.096(1).


## DISCUSSION

### 1.  *Logan* - Mitsui Lease Counterclaim.

Western Mortgage purchased Mitsui's beneficial interest in an equipment lease with LIL. Dennis Logan, Western Empires Corporation, and Logan Farms II, LLC (guarantors) each contractually guaranteed LIL's obligations under the Mitsui Lease and also agreed to pay to Western Mortgage any reasonable attorneys' fees that Western Mortgage might incur "in connection with the . . . collection of any amounts which may become due . . . under this Guaranty, . . . whether incurred at the trial or appellate level." Defs.' Trial Ex. 148-51.

LIL defaulted by failing to make payments to Western Mortgage under the Mitsui Lease. Western Mortgage asserted a Counterclaim that LIL breached the Mitsui Lease. LIL and the

guarantors defended against the Counterclaim by asserting that Western Mortgage had breached a purported agreement to amortize the discounted value of the Mitsui Lease over a period of years at an interest rate of six percent.

### a. This Court's Summary-Judgment Ruling.

On summary judgment, this Court held there was not a genuine issue of material fact that LIL and its guarantors were liable to Western Mortgage on the Mitsui Lease for, *inter alia,* damages in the amount of $2,780,710.22 plus prejudgment interest and reasonable attorneys' fees.

### b. The Ninth Circuit's Ruling.

On appeal the Ninth Circuit reversed the Court's summary-judgment ruling and held that even though the parties formed a contract, there was a genuine issue of material fact as to how the agreed-upon discount should be applied.  The Ninth Circuit remanded that issue for trial.

### c. The Trial on Remand.

Following a trial on remand in March 2009, the jury found in favor of Western Mortgage on its Counterclaim as to the Mitsui Lease transaction.

### d. Analysis.

In light of the Jury Verdict and as the prevailing party on the Mitsui Lease transaction, Western Mortgage seeks attorneys' fees against LIL and LIL's guarantors as provided for

8  - OPINION AND ORDER

in the Mitsui Lease Agreement.

    (1)  <u>Attorneys' Fees Incurred in this Court</u>.

      Western Mortgage asserts it is entitled to attorneys' fees as the prevailing party under Or. Rev. Stat. § 20.096(1) based on the explicit language in each of the transactional documents that constitute the Mitsui Lease Agreement.

      LIL and its guarantors, in turn, contend the Jury Verdict did not pertain to the parties' Mitsui Lease Agreement, but to "an entirely new contractual regimen, consisting of a new principal amount and a new amortization schedule, at the end of which the Mitsui equipment would be owned by the plaintiff." Pls.' Opp'n to Western Mtg.'s Memo. Outlining Basis for an Award of Atty's Fees at 2.  The Court disagrees.  LIL and its guarantors presented facts *and argued for* such a "new contractual regimen" to support their disavowal of any contractual obligations under the Mitsui Lease, but the jury rejected both their alleged factual premise and their argument and thereby sustained all of Western Mortgage's contractual rights under the Mitsui Lease including attorneys' fees as the prevailing party on the dispute over the Mitsui Lease.

      On this record, the Court concludes Western Mortgage is entitled to reasonable attorneys' fees incurred in successfully defending against the Mitsui Lease Claim asserted by LIL at trial and also in prevailing on its Counterclaim against LIL and LIL's

9  – OPINION AND ORDER

guarantors.

      (2)  <u>Attorneys' Fees Incurred in the Appellate Court</u>.

      Western Mortgage also asserts it is entitled to attorneys' fees incurred in defending against Logan's appeal of the Mitsui Lease Claim in the Ninth Circuit because Western Mortgage ultimately defeated that Claim and prevailed on its Counterclaim.  The Court agrees.

      In *Cabrales v. County of Los Angeles,* the Ninth Circuit held "a plaintiff who is unsuccessful at a stage of the litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage." 935 F.2d 1050, 1053 (9th Cir. 1991).  Here the Ninth Circuit reversed this Court's grant of summary judgment in favor of Western Mortgage solely on the ground that the existence of a genuine issue of material fact precluded summary judgment. Following trial on remand, Western Mortgage prevailed as to that fact issue and, therefore, on its Mitsui Lease Counterclaim as a whole.

      On this record, the Court concludes Western Mortgage is entitled to reasonable attorneys' fees incurred on the appeal of this Court's summary-judgment ruling on the Mitsui Lease Claim. Accordingly, Western Mortgage is entitled to all reasonable attorneys' fees it incurred in this Court and on appeal in the Ninth Circuit as to the Mitsui Lease Claim and Counterclaim.

10 - OPINION AND ORDER

2.  *Logan* - **L3 Farm Deed**.

In April 2001 Dennis Logan entered into a Farm Lease and Option to Purchase with Western Mortgage in which he purported to sell his interest in the L3 Farm to Western Mortgage for $850,000.  Under the terms of the Agreement, Dennis Logan had the right to lease the L3 Farm and to exercise an option to repurchase the L3 Farm at a later date.  The Agreement, however, provided Western Mortgage "will be entitled to title and possession of [the L3 Farm] . . . as of the day after the closing date."  Western Mortgage received a Warranty Deed to the L3 Farm on closing.  Dennis Logan subsequently failed to pay rent as required under the Lease Agreement and also failed to exercise his option under the L3 Farm Deed to repurchase the L3 Farm.  As a result, Western Mortgage took immediate possession of the property.

    a.  **This Court's Summary-Judgment Ruling**.

On summary judgment, Dennis Logan asserted the L3 Farm Deed was a mortgage given to Western Mortgage only as security against Dennis Logan's outstanding indebtedness.  This Court found on summary judgment that there was not a genuine issue of material fact as to whether the L3 Farm Deed was absolute on its face and transferred ownership from Dennis Logan to Western Mortgage outright.

**b.  The Ninth Circuit's Ruling**.

On appeal the Ninth Circuit reversed this Court's summary-judgment ruling, held there was a genuine issue of material fact as to whether "the parties' intent was to convey and receive the property as security instead" of an outright sale, and remanded the matter to this Court.  *Logan*, 262 Fed. Appx. at 745.

**c.  Analysis**.

Following the trial on remand, the jury, in an advisory Verdict, found in favor of Dennis Logan that the L3 Farm Deed was intended to be security for Dennis Logan's obligations to Western Mortgage rather than an outright sale of the property to Western Mortgage.  This Court upheld the advisory Verdict.  *See* Final Verdict - L3 Farm Deed at 6.

Dennis Logan now asserts he is entitled to reasonable attorneys' fees under a provision in the parties' Farm Lease and Option to Purchase Agreement that "the prevailing party in [an action to enforce any provision of this lease] shall be entitled to reasonable attorneys' fees in any state or federal court . . . even though said suit results in the forfeiture of this lease." Pls.' Trial Ex. 13 at ¶8.

Western Mortgage, however, asserts it was the prevailing party on Dennis Logan's L3 Farm Deed Claim because it prevailed on summary judgment against Dennis Logan's allegation that Western Mortgage procured the L3 Farm Deed by fraud.

12 - OPINION AND ORDER

Dennis Logan's overarching claim as to the L3 Farm from the outset of this litigation has been that Western Mortgage procured the L3 Farm Deed by fraud.  This Court rejected that claim on summary judgment, and the Ninth Circuit upheld that ruling on appeal.  If Dennis Logan had prevailed, he would have been entitled to repossession of the L3 Farm free and clear of encumbrances without any further payment obligation to Western Mortgage.  Indeed, in the Pretrial Order for the trial on remand, Dennis Logan asserted "Western Mortgage . . . wrongfully took possession of [the L3 Farm] on or about July 1, 2002 and has kept possession ever since" and "the L3 security should be returned to Logan free and clear of any encumbrances."  Pretrial Order, Dennis Logan's L3 Farm Deed Claim ¶1V A(14) and (15).

On the other hand, Western Mortgage's position throughout this case has been that it purchased the L3 Farm from Dennis Logan for $850,000 with an option for Dennis Logan to repurchase the farm no later than December 30, 2002, and that Dennis Logan's failure to exercise that option barred any further rights he had in the L3 Farm.  *See* Pretrial Order, Western Mortgage's L3 Farm Deed Claim contentions at ¶1V B(2) and (5).  Western Mortgage did not prevail as to that defense.

The result of the trial on remand is that Dennis Logan ultimately obtained a ruling that the L3 Farm Deed was a

13 - OPINION AND ORDER

security instrument rather than an outright land sale and he now has the opportunity to reclaim possession of the L3 Farm. In order to do so, however, Dennis Logan must pay to Western Mortgage $724,150.24 plus interest at the rate of nine percent per annum from July 1, 2009, as a condition precedent to his redemption of the L3 Farm. *See* Final Verdict - L3 Farm Deed at 23-24.

Accordingly, on this record, the Court concludes neither party is a prevailing party entitled to attorneys' fees on the L3 Farm Deed Claim.

3.    **Attorneys' Fees on Appeal.**

The Tiegs Appellees and Western Mortgage seek reasonable attorneys' fees incurred in successfully opposing the Logan Appellants' appeal of this Court's rulings on summary judgment relating to the numerous financial transactions the Tiegs Appellees and Western Mortgage had with the Logan Appellants. Those transactions included provisions for attorneys' fee.

a.  **This Court's Ruling on Summary Judgment.**

This Court granted summary judgment in favor of the Tiegs Appellees and Western Mortgage against the Logan Appellants as to almost all of the substantive Claims and Counterclaims at issue in *Logan* and *OPC*, including the overarching claim by Dennis Logan that his business relationship with Frank Tiegs and his multiple

14 - OPINION AND ORDER

companies was fiduciary in nature and gave rise to special duties
and responsibilities between them.  Of the four rulings in favor
of the Logan Appellants, three related to a side issue as to
whether the Tiegs Appellees were entitled to PACA trust benefits
and the fourth related to the validity of a corn-crop lien held
by one of the Logan Appellants.

**b.  The Ninth Circuit Ruling**.

The Ninth Circuit reversed and remanded three of this
Court's rulings on summary judgment pertaining to the Doosan
Sales Pitch Claim, the Mitsui Lease Claim, and the L3 Farm Deed
Claim.  *Logan v. Tiegs,* 262 Fed. Appx. at 746.  None of these
claims involved the Logan Appellants collectively.

The Tiegs Appellees and Western Mortgage filed a Request for
an Award of Attorneys' Fees in the Ninth Circuit against the
Logan Appellants on the ground that the documents reflecting
loans and other financial transactions between the parties
included attorneys' fee provisions.  The Logan Appellants opposed
the Request.

As noted, the Ninth Circuit transferred the Request to this
Court.  *See* Docket #274 (entered in Case No. 03-435 on Mar. 10,
2008).  The Ninth Circuit also held the parties should bear their
own costs on appeal.

15 - OPINION AND ORDER

**c.  Analysis**.

The Tiegs Appellees[2] prevailed on every issue raised by the Logan Appellants against them collectively.  In their Request for Award of Attorneys' Fees in the Ninth Circuit, the Tiegs Appellees requested attorneys' fees in the amount of $96,396.00.

The Logan Appellants object to any award of attorneys' fees and contend the Ninth Circuit's decision that the parties should bear their own costs is indicative that neither party should be awarded attorneys' fees.  Logan Appellants also contend an attorneys' fee award in favor of the Tiegs Appellees is not justified in light of the Tiegs Appellees' failure to pursue settlement efforts during the course of the appeal.

As noted, the Tiegs Appellees and Western Mortgage prevailed on summary judgment and on appeal in establishing LIL's liability and the liability of LIL's guarantors (*i.e*, Logan Appellants) on multiple financial transactions reflected by documents that included attorneys' fee provisions.

Accordingly, on this record, the Court concludes the Tiegs Appellees are entitled to reasonable attorneys' fees incurred in prevailing on appeal to the Ninth Circuit as to their claims against the Logan Appellants.

―――――――――――――

[2] The Tiegs Appellees as a group were not parties to the Mitsui Lease Claim or the L3 Farm Deed Claim.  Frank Tiegs was a party to the Doosan tort claim as an individual.  There is not an issue as to attorneys' fees on that claim.

16 – OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court concludes:

1.  Defendant Western Mortgage & Realty Company is **entitled** to reasonable attorneys' fees incurred in this Court and on appeal to the Ninth Circuit as to the **Mitsui Lease Claim** and **Counterclaim**;

2.  Plaintiff Dennis Logan and Defendant Western Mortgage & Realty Company are **not entitled** to an award of attorneys' fees as to the **L3 Farm Deed Claim**.

3.  Defendants Frank Tiegs, Oregon Potato Company, Pasco Farming, Inc., and Western Mortgage & Realty Company are **entitled** to an award of attorneys' fees on **appeal.**

The Court directs the parties to submit by November 24, 2009, a jointly proposed schedule for submission of a Final Judgment and the necessary petitions for attorneys' fees and any cost bill together with a schedule for responses thereto.  The Court does not anticipate replies will be necessary.

IT IS SO ORDERED.

DATED this 19th day of November, 2009.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


17 - OPINION AND ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS LOGAN; WESTERN EMPIRES
CORPORATION, an Oregon corporation;
LOGAN FARMS, INC., an Oregon
corporation; LOGAN FARMS II, LLC,
an Oregon limited liability company;
and LOGAN INTERNATIONAL II, LLC,
an Oregon limited liability company,

        Plaintiffs,

v.

FRANK TIEGS; WESTERN MORTGAGE & REALTY
COMPANY, a Washington corporation; and
PASCO FARMING, INC., a Washington
corporation,

        Defendants.

03-CV-435-BR

OPINION AND ORDER

---

OREGON POTATO COMPANY, a
Washington corporation,

        Plaintiff,

v.

LOGAN INTERNATIONAL II, LLC,
an Oregon limited liability
company, and DENNIS LOGAN,

        Defendants.

03-CV-490-BR

OPINION AND ORDER

1 - OPINION AND ORDER

**LOGAN INTERNATIONAL II, LLC,**
**an Oregon limited liability**
**company, and DENNIS LOGAN,**

        **Third-Party Plaintiffs,**

**v.**

**FRANK TIEGS; WESTERN MORTGAGE**
**& REALTY COMPANY, a Washington**
**corporation; and BAKER PRODUCE,**
**INC., a Washington corporation,**

        **Third-Party Defendants.**

---

**ARDEN E. SHENKER**
Shenker & Bonaparte LLP
One S.W. Columbia, Suite 475
Portland, OR 97258
(503) 294-1118

**W. EUGENE HALLMAN**
Hallman & Dretke
104 S.E. 5th Street
P.O. Box 308
Pendleton, OR 97801
(541) 276-3857

**ROBERT T. MAUTZ**
Mautz Baum & O'Hanlon LLP
101 S.E. Byers Ave.
P.O. Box 628
Pendleton, OR 97801
(541) 276-2811

        Attorneys for Dennis Logan;
        Western Empires Corporation;
        Logan Farms, Inc.; Logan Farms
        II, LLC; and Logan International
        II, LLC

**JOSEPH M. VANLEUVEN**
**ERIC L. DAHLIN**
Davis Wright Tremaine LLP
1300 S.W. Fifth Ave.
Portland, OR  97201
(503) 241-2300

        Attorneys for Frank Tiegs;
        Western Mortgage & Realty
        Company; Pasco Farming, Inc.;
        Oregon Potato Company; and
        Baker Produce, Inc.


**BROWN, Judge.**

        On July 16, 2009, the Court issued a Scheduling Order (#353) requiring the parties to file all further motions in this case by August 6, 2009.  The Court noted it would  decide the issue of attorneys' fees arising from the parties' appeal to the Ninth Circuit when it addresses the motions for attorneys' fees arising from the proceedings before this Court after final judgment is entered.  In response to the Court's Scheduling Order, the parties filed memoranda addressing their entitlement to, but not the amount of, attorneys' fees incurred in the proceedings before this Court and before the Ninth Circuit.  Although a Request for an Award of Attorneys' Fees also was filed in the Ninth Circuit, the appellate court transferred the Request to this Court on March 10, 2008.  Thus, the issue whether any party is entitled to attorneys' fees is now before this Court.

For the following reasons, the Court concludes:

1.   Defendant Western Mortgage & Realty Company is **entitled** to reasonable attorneys' fees incurred in this Court and on appeal to the Ninth Circuit as to the **Mitsui Lease Claim** and **Counterclaim**.

2.   Plaintiff Dennis Logan and Defendant Western Mortgage are **not entitled** to any award of attorneys' fees on the **L3 Farm Deed Claim**.

3.   Defendants Frank Tiegs, Oregon Potato Company, Pasco Farming, Inc. (hereinafter referred to collectively as Tiegs Appellees) and Western Mortgage are **entitled** to reasonable attorneys' fees incurred in prevailing on **appeal to the Ninth Circuit as to their Counterclaims** on numerous debt obligations (such as the purchase of potatoes) that Plaintiff Logan International II, LLC (LIL) owed and that Plaintiffs Dennis Logan, Logan Farms II, LLC, and Western Empires (hereinafter referred to collectively as Logan Appellants) guaranteed.

## BACKGROUND

The complex factual and procedural background of the related cases of *Logan v. Tiegs* (*Logan*) and *Oregon Potato Co. v. Logan International II, LLC* (*OPC*) is set out in the Court's December 13, 2004, Opinion and Orders (#135-*Logan,* #125-*OPC*) in

4  - OPINION AND ORDER

which the Court addressed 13 Motions and Cross-Motions for
Summary Judgment.  The Logan Appellants filed an appeal, and the
Ninth Circuit remanded the L3 Farm Deed Claim and the Mitsui
Lease Claim and Counterclaim for trial.  *See Logan v. Tiegs,* 262
Fed. Appx. 739 (9th Cir. 2007)(Mem).  This Court updated the
factual and procedural background in its July 2, 2009, Final
Verdict - L3 Farm Deed (#355-*Logan*) and addressed the legal
consequences of an advisory Jury Verdict rendered after the March
2009 trial of the L3 Farm Deed Claim and the Final Verdict as to
the Mitsui Lease Claim and Counterclaim.[1]

The Court incorporates in this Opinion and Order the
procedural and factual background and the rulings set forth
in this Court's Opinion and Order on Summary Judgment, the
Ninth Circuit's Memorandum decision, and this Court's Final
Verdict.

## SUMMARY OF ATTORNEYS' FEE CLAIMS

1.    In *Logan* - Mitsui Lease Counterclaim.

Western Mortgage asserts it is entitled to an award
of reasonable attorneys' fees against LIL that it incurred

---

[1] The Ninth Circuit also reversed and remanded this Court's
grant of summary judgment as to the "Doosan" Claim, which
involved alleged tortious conduct by Frank Tiegs in his
individual capacity.  The parties resolved that Claim before the
trial on remand.

(a) in obtaining summary judgment in this Court on its Counterclaim against LIL,

(b) in unsuccessfully defending its summary judgment in the Ninth Circuit, and

(c) in ultimately prevailing on its Counterclaim at trial after remand from the Ninth Circuit.

**2.    In *Logan* - L3 Farm Deed Claim.**

Dennis Logan asserts he is entitled to an award of reasonable attorneys' fees incurred in this Court on the ground that he prevailed at trial on remand as to his claim that the L3 Farm Deed was intended as security for a loan and did not constitute a sale of the L3 Farm to Western Mortgage.

**3.    In *Logan* and *OPC* - Ninth Circuit Appeal.**

Western Mortgage and the Tiegs Appellees in *Logan* and *OPC* respectively seek an award of reasonable attorneys' fees incurred in the appeal to the Ninth Circuit on the ground that they obtained rulings that sustained this Court's numerous summary-judgment rulings in their favor as to multiple transactions involving obligations incurred and/or guaranteed by the Logan Appellants.

## STANDARDS

A federal court sitting in diversity applies state law when deciding whether to allow attorneys' fees when those fees

6 - OPINION AND ORDER

are connected to the substance of the case. *Shakey's, Inc. v. Covalt*, 704 F.2d 426, 435 (9th Cir. 1983). Under Oregon law, when a "contract that specifically provides that attorneys fees and costs incurred to enforce the specific provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim . . . shall be entitled to reasonable attorneys fees in addition to costs and disbursements." Or. Rev. Stat. § 20.096(1).


## DISCUSSION

### 1. *Logan* - Mitsui Lease Counterclaim.

Western Mortgage purchased Mitsui's beneficial interest in an equipment lease with LIL. Dennis Logan, Western Empires Corporation, and Logan Farms II, LLC (guarantors) each contractually guaranteed LIL's obligations under the Mitsui Lease and also agreed to pay to Western Mortgage any reasonable attorneys' fees that Western Mortgage might incur "in connection with the . . . collection of any amounts which may become due . . . under this Guaranty, . . . whether incurred at the trial or appellate level." Defs.' Trial Ex. 148-51.

LIL defaulted by failing to make payments to Western Mortgage under the Mitsui Lease. Western Mortgage asserted a Counterclaim that LIL breached the Mitsui Lease. LIL and the

7 - OPINION AND ORDER

guarantors defended against the Counterclaim by asserting that Western Mortgage had breached a purported agreement to amortize the discounted value of the Mitsui Lease over a period of years at an interest rate of six percent.

**a.  This Court's Summary-Judgment Ruling.**

On summary judgment, this Court held there was not a genuine issue of material fact that LIL and its guarantors were liable to Western Mortgage on the Mitsui Lease for, *inter alia,* damages in the amount of $2,780,710.22 plus prejudgment interest and reasonable attorneys' fees.

**b.  The Ninth Circuit's Ruling.**

On appeal the Ninth Circuit reversed the Court's summary-judgment ruling and held that even though the parties formed a contract, there was a genuine issue of material fact as to how the agreed-upon discount should be applied.  The Ninth Circuit remanded that issue for trial.

**c.  The Trial on Remand.**

Following a trial on remand in March 2009, the jury found in favor of Western Mortgage on its Counterclaim as to the Mitsui Lease transaction.

**d.  Analysis.**

In light of the Jury Verdict and as the prevailing party on the Mitsui Lease transaction, Western Mortgage seeks attorneys' fees against LIL and LIL's guarantors as provided for

8  - OPINION AND ORDER

in the Mitsui Lease Agreement.

      (1)  <u>Attorneys' Fees Incurred in this Court</u>.

      Western Mortgage asserts it is entitled to attorneys' fees as the prevailing party under Or. Rev. Stat. § 20.096(1) based on the explicit language in each of the transactional documents that constitute the Mitsui Lease Agreement.

      LIL and its guarantors, in turn, contend the Jury Verdict did not pertain to the parties' Mitsui Lease Agreement, but to "an entirely new contractual regimen, consisting of a new principal amount and a new amortization schedule, at the end of which the Mitsui equipment would be owned by the plaintiff." Pls.' Opp'n to Western Mtg.'s Memo. Outlining Basis for an Award of Atty's Fees at 2.  The Court disagrees.  LIL and its guarantors presented facts *and argued for* such a "new contractual regimen" to support their disavowal of any contractual obligations under the Mitsui Lease, but the jury rejected both their alleged factual premise and their argument and thereby sustained all of Western Mortgage's contractual rights under the Mitsui Lease including attorneys' fees as the prevailing party on the dispute over the Mitsui Lease.

      On this record, the Court concludes Western Mortgage is entitled to reasonable attorneys' fees incurred in successfully defending against the Mitsui Lease Claim asserted by LIL at trial and also in prevailing on its Counterclaim against LIL and LIL's

9  - OPINION AND ORDER

guarantors.

      (2)  <u>Attorneys' Fees Incurred in the Appellate Court</u>.

      Western Mortgage also asserts it is entitled to attorneys' fees incurred in defending against Logan's appeal of the Mitsui Lease Claim in the Ninth Circuit because Western Mortgage ultimately defeated that Claim and prevailed on its Counterclaim.  The Court agrees.

      In *Cabrales v. County of Los Angeles,* the Ninth Circuit held "a plaintiff who is unsuccessful at a stage of the litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage." 935 F.2d 1050, 1053 (9th Cir. 1991).  Here the Ninth Circuit reversed this Court's grant of summary judgment in favor of Western Mortgage solely on the ground that the existence of a genuine issue of material fact precluded summary judgment. Following trial on remand, Western Mortgage prevailed as to that fact issue and, therefore, on its Mitsui Lease Counterclaim as a whole.

      On this record, the Court concludes Western Mortgage is entitled to reasonable attorneys' fees incurred on the appeal of this Court's summary-judgment ruling on the Mitsui Lease Claim. Accordingly, Western Mortgage is entitled to all reasonable attorneys' fees it incurred in this Court and on appeal in the Ninth Circuit as to the Mitsui Lease Claim and Counterclaim.

10 - OPINION AND ORDER

2.    *Logan* - **L3 Farm Deed**.

In April 2001 Dennis Logan entered into a Farm Lease and Option to Purchase with Western Mortgage in which he purported to sell his interest in the L3 Farm to Western Mortgage for $850,000.  Under the terms of the Agreement, Dennis Logan had the right to lease the L3 Farm and to exercise an option to repurchase the L3 Farm at a later date.  The Agreement, however, provided Western Mortgage "will be entitled to title and possession of [the L3 Farm] . . . as of the day after the closing date."  Western Mortgage received a Warranty Deed to the L3 Farm on closing.  Dennis Logan subsequently failed to pay rent as required under the Lease Agreement and also failed to exercise his option under the L3 Farm Deed to repurchase the L3 Farm.  As a result, Western Mortgage took immediate possession of the property.

a.  **This Court's Summary-Judgment Ruling.**

On summary judgment, Dennis Logan asserted the L3 Farm Deed was a mortgage given to Western Mortgage only as security against Dennis Logan's outstanding indebtedness.  This Court found on summary judgment that there was not a genuine issue of material fact as to whether the L3 Farm Deed was absolute on its face and transferred ownership from Dennis Logan to Western Mortgage outright.

11 – OPINION AND ORDER

**b.  The Ninth Circuit's Ruling.**

On appeal the Ninth Circuit reversed this Court's summary-judgment ruling, held there was a genuine issue of material fact as to whether "the parties' intent was to convey and receive the property as security instead" of an outright sale, and remanded the matter to this Court. *Logan*, 262 Fed. Appx. at 745.

**c.  Analysis.**

Following the trial on remand, the jury, in an advisory Verdict, found in favor of Dennis Logan that the L3 Farm Deed was intended to be security for Dennis Logan's obligations to Western Mortgage rather than an outright sale of the property to Western Mortgage.  This Court upheld the advisory Verdict.  *See* Final Verdict - L3 Farm Deed at 6.

Dennis Logan now asserts he is entitled to reasonable attorneys' fees under a provision in the parties' Farm Lease and Option to Purchase Agreement that "the prevailing party in [an action to enforce any provision of this lease] shall be entitled to reasonable attorneys' fees in any state or federal court . . . even though said suit results in the forfeiture of this lease." Pls.' Trial Ex. 13 at ¶8.

Western Mortgage, however, asserts it was the prevailing party on Dennis Logan's L3 Farm Deed Claim because it prevailed on summary judgment against Dennis Logan's allegation that Western Mortgage procured the L3 Farm Deed by fraud.

12 - OPINION AND ORDER

Dennis Logan's overarching claim as to the L3 Farm from the outset of this litigation has been that Western Mortgage procured the L3 Farm Deed by fraud.  This Court rejected that claim on summary judgment, and the Ninth Circuit upheld that ruling on appeal.  If Dennis Logan had prevailed, he would have been entitled to repossession of the L3 Farm free and clear of encumbrances without any further payment obligation to Western Mortgage.  Indeed, in the Pretrial Order for the trial on remand, Dennis Logan asserted "Western Mortgage . . . wrongfully took possession of [the L3 Farm] on or about July 1, 2002 and has kept possession ever since" and "the L3 security should be returned to Logan free and clear of any encumbrances."  Pretrial Order, Dennis Logan's L3 Farm Deed Claim ¶1V A(14) and (15).

On the other hand, Western Mortgage's position throughout this case has been that it purchased the L3 Farm from Dennis Logan for $850,000 with an option for Dennis Logan to repurchase the farm no later than December 30, 2002, and that Dennis Logan's failure to exercise that option barred any further rights he had in the L3 Farm.  *See* Pretrial Order, Western Mortgage's L3 Farm Deed Claim contentions at ¶1V B(2) and (5).  Western Mortgage did not prevail as to that defense.

The result of the trial on remand is that Dennis Logan ultimately obtained a ruling that the L3 Farm Deed was a

13 - OPINION AND ORDER

security instrument rather than an outright land sale and he now has the opportunity to reclaim possession of the L3 Farm. In order to do so, however, Dennis Logan must pay to Western Mortgage $724,150.24 plus interest at the rate of nine percent per annum from July 1, 2009, as a condition precedent to his redemption of the L3 Farm. *See* Final Verdict - L3 Farm Deed at 23-24.

Accordingly, on this record, the Court concludes neither party is a prevailing party entitled to attorneys' fees on the L3 Farm Deed Claim.

**3.    Attorneys' Fees on Appeal.**

The Tiegs Appellees and Western Mortgage seek reasonable attorneys' fees incurred in successfully opposing the Logan Appellants' appeal of this Court's rulings on summary judgment relating to the numerous financial transactions the Tiegs Appellees and Western Mortgage had with the Logan Appellants. Those transactions included provisions for attorneys' fee.

**a.    This Court's Ruling on Summary Judgment.**

This Court granted summary judgment in favor of the Tiegs Appellees and Western Mortgage against the Logan Appellants as to almost all of the substantive Claims and Counterclaims at issue in *Logan* and *OPC*, including the overarching claim by Dennis Logan that his business relationship with Frank Tiegs and his multiple

companies was fiduciary in nature and gave rise to special duties and responsibilities between them.  Of the four rulings in favor of the Logan Appellants, three related to a side issue as to whether the Tiegs Appellees were entitled to PACA trust benefits and the fourth related to the validity of a corn-crop lien held by one of the Logan Appellants.

**b.  The Ninth Circuit Ruling**.

The Ninth Circuit reversed and remanded three of this Court's rulings on summary judgment pertaining to the Doosan Sales Pitch Claim, the Mitsui Lease Claim, and the L3 Farm Deed Claim.  *Logan v. Tiegs,* 262 Fed. Appx. at 746.  None of these claims involved the Logan Appellants collectively.

The Tiegs Appellees and Western Mortgage filed a Request for an Award of Attorneys' Fees in the Ninth Circuit against the Logan Appellants on the ground that the documents reflecting loans and other financial transactions between the parties included attorneys' fee provisions.  The Logan Appellants opposed the Request.

As noted, the Ninth Circuit transferred the Request to this Court.  *See* Docket #274 (entered in Case No. 03-435 on Mar. 10, 2008).  The Ninth Circuit also held the parties should bear their own costs on appeal.

15 - OPINION AND ORDER

**c.  Analysis**.

The Tiegs Appellees[2] prevailed on every issue raised by the Logan Appellants against them collectively.  In their Request for Award of Attorneys' Fees in the Ninth Circuit, the Tiegs Appellees requested attorneys' fees in the amount of $96,396.00.

The Logan Appellants object to any award of attorneys' fees and contend the Ninth Circuit's decision that the parties should bear their own costs is indicative that neither party should be awarded attorneys' fees.  Logan Appellants also contend an attorneys' fee award in favor of the Tiegs Appellees is not justified in light of the Tiegs Appellees' failure to pursue settlement efforts during the course of the appeal.

As noted, the Tiegs Appellees and Western Mortgage prevailed on summary judgment and on appeal in establishing LIL's liability and the liability of LIL's guarantors (*i.e,* Logan Appellants) on multiple financial transactions reflected by documents that included attorneys' fee provisions.

Accordingly, on this record, the Court concludes the Tiegs Appellees are entitled to reasonable attorneys' fees incurred in prevailing on appeal to the Ninth Circuit as to their claims against the Logan Appellants.

---

[2] The Tiegs Appellees as a group were not parties to the Mitsui Lease Claim or the L3 Farm Deed Claim.  Frank Tiegs was a party to the Doosan tort claim as an individual.  There is not an issue as to attorneys' fees on that claim.

16 – OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court concludes:

1.  Defendant Western Mortgage & Realty Company is **entitled** to reasonable attorneys' fees incurred in this Court and on appeal to the Ninth Circuit as to the **Mitsui Lease Claim** and **Counterclaim**;

2.  Plaintiff Dennis Logan and Defendant Western Mortgage & Realty Company are **not entitled** to an award of attorneys' fees as to the **L3 Farm Deed Claim**.

3.  Defendants Frank Tiegs, Oregon Potato Company, Pasco Farming, Inc., and Western Mortgage & Realty Company are **entitled** to an award of attorneys' fees on **appeal**.

The Court directs the parties to submit by November 24, 2009, a jointly proposed schedule for submission of a Final Judgment and the necessary petitions for attorneys' fees and any cost bill together with a schedule for responses thereto.  The Court does not anticipate replies will be necessary.

IT IS SO ORDERED.

DATED this 19th day of November, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

17 – OPINION AND ORDER